**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CR-20-08099-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. |  |
| Jacob Ray Bravo, |  |
| Defendant. |  |

Defendant is charged with aggravated assault and homicide. He has been arrested and is in custody, having been ordered detained pending trial. (Doc. 12.) The Government has clothing, a shell casing, and a weapon tied to the crimes of which Defendant is charged. The Government now moves to obtain samples of Defendant's DNA, via buccal swabs, to attempt to identify or exclude Defendant as a contributor of any identified genetic material. (Doc. 30.)

The use of a buccal swab inside a person's cheek to obtain DNA samples is not, as argued by the Government, a knowing exposure to the public of an identifiable physical characteristic. It is a search. *Maryland v. King*, 569 U.S. 435, 446 (2013). Ordinarily, the Government needs a warrant, supported by probable cause, to search a person for evidence associated with a crime. *See U.S. v. Rubio*, 727 F.2d 786, 794-95 (9th Cir. 1983). In *King*, however, the Supreme Court held that a person held under arrest on probable cause for a serious crime may constitutionally be subject to a buccal swab search without such a

1   showing.  *King*, 569 U.S. at 465-66.

2   The buccal swabs in *King* were part of a routine administrative procedure pursuant
3   to the Maryland DNA Collection Act, which authorized police to collect DNA samples
4   from "an individual who is charged with . . . a crime of violence . . . burglary or an attempt
5   to commit burglary."  *Id.* at 443.  The Court found that the law served a legitimate
6   government interest: "the need for law enforcement officers in a safe and accurate way to
7   process and identify the persons and possessions they must take into custody."  *Id.* at 449.
8   The Court found that Maryland's law authorizing law enforcement to collect DNA samples
9   from all person charged with violent crimes did not violate the Fourth Amendment.  The
10  Court found that because the intrusion is negligible and the arrestee was already in valid
11  police custody for a serious offense supported by probable cause, the search was to be
12  analyzed by reference to "reasonableness, not individualized suspicion."  *Id.* at 448.
13  Reasonableness is determined by weighing the promotion of legitimate government
14  interests against the degree to which the search intrudes upon an individual's privacy.  The
15  Court found that reasonableness must be considered in the context of an individual's
16  legitimate privacy expectations, which necessarily diminishes when he is taken into police
17  custody.  The Court found that the state's interest was not outweighed by the defendant's
18  privacy interests.  Instead, by comparison to the substantial government interest and unique
19  effectiveness of DNA identification, the intrusion of a buccal swab to obtain DNA sample
20  is minimal.  The Court described the buccal swab process as "a far more gentle process
21  than a venipuncture to draw blood.  It involves but a light touch on the inside of the
22  cheek[.]"  *Id.* at 446.

23  The reason for the buccal swab in *King* is different from the purported basis for the
24  buccal swab request here.  In this case, the Government requests the buccal swab to attempt
25  to identify or exclude Defendant as a contributor of any identified genetic material found
26  on evidence associated with a specific crime.  However, the language in *King* is broad
27  enough to permit such a DNA buccal swab search of a suspect arrested and in custody on
28  a felony offense:

> Once an individual has been arrested on probable cause for a dangerous offense that may require detention before trial, however, his or her expectations of privacy and freedom from police scrutiny are reduced. DNA identification like that at issue here thus does not require consideration of any unique needs that would be required to justify searching the average citizen. The special needs cases, though in full accord with the result reached here, do not have a direct bearing on the issues presented in this case, because unlike the search of a citizen who has not been suspected of a wrong, a detainee has a reduced expectation of privacy.

*Id.* at 463.

Accordingly, the Court finds that, although a buccal swab of the cheek is a search, pursuant *King*, the Government's interests outweigh Defendant's reduced expectation of privacy and the intrusion of a buccal swab is minimal.

**IT IS ORDERED** that the Government's Motion to Take Buccal Swabs of Defendant (Doc. 30) is **GRANTED**.

Dated this 12th day of November, 2021.

Douglas L. Rayes
United States District Judge

- 3 -